UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brandyn Phillips,

          Plaintiff,

v.

State of Minnesota; Jane Lanwehr, supervising director; Mona Dolman, Commissioner; Minnesota Department of Public Safety; and Minnesota Department of Motor Vehicles,

          Defendants.

Civil No. 13-1575 (DWF/JJK)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

      This matter is before the Court upon *Pro Se* Plaintiff Brandyn Phillips's ("Plaintiff") self-styled objections (Doc. No. 26) to Magistrate Judge Jeffrey J. Keyes's December 12, 2013 Report and Recommendation (Doc. No. 24) insofar as it recommends that Defendants' motion to dismiss be granted and Plaintiff's Complaint be dismissed. Defendants filed a response to Plaintiff's objections on February 13, 2014. (Doc. No. 28.)

      The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of the parties, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections. Having carefully reviewed the record, the Court concludes that Plaintiff's objections offer no basis for departure from the Report and Recommendation.

Plaintiff appears to generally argue that the revocation of his driver's license for refusal to submit to blood alcohol testing violates due process.  (*See generally* Doc. No. 26.)  Defendants counter that Plaintiff's actual blood alcohol concentration at the time is irrelevant here and that the revocation of Plaintiff's license satisfied Minnesota law and constitutional requirements.  To the extent Plaintiff may challenge any state court rulings with respect to the implied consent (revocation) proceedings, the Court lacks jurisdiction over such claims.  *See, e.g., Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492-93 (8th Cir. 2000) (discussing *Rooker-Feldman* doctrine).  To the extent Plaintiff may seek injunctive relief separate from any state court rulings, the undersigned further agrees with the Magistrate Judge's determination that Plaintiff has failed to assert a plausible Section 1983 or habeas claim against Defendants.  Consequently, the Court grants Defendants' motion and dismisses this matter.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. *Pro Se* Plaintiff Brandyn Phillips' objections (Doc. No. [26]) to Magistrate Judge Jeffrey J. Keyes's December 12, 2013 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Jeffrey J. Keyes's Report and Recommendation (Doc. No. [24]) is **ADOPTED**.

      2.      State Defendants' Motion to Dismiss the Complaint (Doc. No. [10]) is **GRANTED**.

      3.      Plaintiff's Complaint (Doc. No. [1]) is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 21, 2014        s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge